In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00228-CV
_____

DAVID EARL STANLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Polk County, Texas
Trial Cause No. CV03351

**MEMORANDUM OPINION**

In this appeal, *pro se* appellant David Earl Stanley raises five issues, in which

he asserts that the trial court denied him due process and failed to follow precedent

by signing a judgment of restitution lien foreclosure. We affirm the trial court's

judgment.

In an underlying criminal proceeding, Stanley was convicted of arson and

sentenced to ten years of confinement, probated for ten years, and assessed a $1000

fine. *See Stanley v. State*, No. 09-10-00067-CR, 2010 WL 4922909, at *1 (Tex.

App.—Beaumont Dec. 1, 2010, no pet.) (mem. op., not designated for publication). The record reflects that the trial court's judgment also ordered Stanley to pay restitution to the victim, American Modern Home Insurance Company, in the amount of $47,635.42. When Stanley appealed that conviction, he challenged the denial of his motion for speedy trial, the denial of his motion to quash the indictment, his trial counsel's effectiveness, and the sufficiency of the evidence. *Id*.

The State subsequently filed a motion to revoke Stanley's community supervision, and the trial court granted the motion to revoke and sentenced appellant to ten years of confinement. *Stanley v. State*, No. 14-12-00909-CR, 2013 WL 1928777, at *1 (Tex. App.—Houston [14th Dist.] May 9, 2013, pet. ref'd) (mem. op., not designated for publication). Stanley appealed the judgment revoking his community supervision and imposing sentence, and our sister Court of Appeals affirmed that judgment.[1] *Id*. The judgment that revoked Stanley's community supervision and imposed sentence also ordered Stanley to pay restitution in the amount of $47,635.42.

---

[1]Stanley's counsel filed an *Anders* brief, and Stanley did not file a *pro se* response. *Stanley v. State*, No. 14-12-00909-CR, 2013 WL 1928777, at *1 (Tex. App.—Houston [14th Dist.] May 9, 2013, pet. ref'd) (mem. op., not designated for publication).

2

According to the State, Stanley did not pay the restitution as ordered. The State filed a civil proceeding, in which it asserted that $4300 in U.S. currency, which was contraband, had been seized from Stanley on April 16, 2012. The State contended that in March of 2016, the Polk County District Attorney's office filed an affidavit to perfect a restitution lien, in which it sought to perfect a lien against the $4300 in currency. The affidavit stated that Stanley is incarcerated, described the underlying criminal case, and identified American Modern Home Insurance Company as the entity entitled to restitution. Additionally, the affidavit stated that the trial court's judgment of conviction had ordered Stanley to pay restitution to American Modern Home Insurance Company in the amount of $47,635.42. On May 25, 2016, the trial judge signed a judgment of restitution lien foreclosure, in which it stated that the restitution lien was perfected and ordered that the State recover $4300 in currency from Stanley.

On appeal, this Court concluded that "the trial court erred in summarily granting judgment in favor of the State without notice to Stanley and without allowing Stanley an opportunity to present argument and evidence[,]" and we remanded the cause to the trial court. *Stanley v. State*, No. 09-16-00264-CV, 2018 WL 356062, at *2 (Tex. App.—Beaumont Jan. 11, 2018, no pet.) (mem. op.). On April 2, 2018, the State requested that the county clerk issue citation to Stanley with

a file-stamped copy of the notice of a hearing scheduled for June 8, 2018, on the State's restitution lien foreclosure. The State also filed a brief in support of its request for a judgment of restitution lien foreclosure. In its brief, the State again indicated that the 2010 judgment of conviction, in which Stanley's sentence was probated, as well as the 2012 judgment revoking Stanley's community supervision, ordered Stanley to pay restitution to American Modern Home Insurance Company in the amount of $47,635.42. According to the State, Stanley failed to pay the required restitution. The State requested that the trial court find that the restitution lien had been perfected and order that the State recover $4300 in currency that the Polk County Sheriff's Department seized from Stanley in 2012. The trial court signed a judgment of lien foreclosure, and Stanley appealed.

In his five issues, Stanley complains that he was denied due process by the trial court's entry of the 2018 judgment of lien foreclosure, and he maintains that the trial court failed to follow precedent. We understand the crux of Stanley's argument as to all five issues to be that restitution was not orally pronounced as part of his sentence. As discussed above, Stanley did not raise an issue asserting that the trial court's written judgment did not match its oral pronouncement of sentence, in either his appeal from the original judgment or the judgment revoking his community supervision. *See Stanley*, 2013 WL 1928777, at *1; *Stanley*, 2010 WL 4922909, at

4

*1; *see also* Tex. R. App. P. 33.1(a). The judgments which ordered Stanley to pay restitution have never been reversed or modified, and they therefore support the trial court's judgment of lien foreclosure. *See generally* Tex. Code Crim. Proc. Ann. art. 42.22 (West 2018). We overrule issues one, two, three, four, and five, and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 18, 2019
Opinion Delivered April 4, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.